# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UDEME EDOHO-EKET | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:18-cv-01022 |
| | ) CHIEF JUDGE CRENSHAW |
| NORTHWESTERN UNIVERSITY et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM

Because she is being granted leave to file her Complaint *in forma pauperis*, *pro se* plaintiff Udeme Edoho-Ekey's civil Complaint is before the Court for an initial review in accordance with 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the complaint will be dismissed for failure to state a claim for which relief may be granted.

## I.    Initial-Review Screening Standards

The Court is statutorily required to conduct an initial review of the complaint of a plaintiff proceeding *in forma pauperis* and to dismiss it prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening procedure established by § 1915(e) applies to *in forma pauperis* complaints filed by non-prisoners as well as to those filed by prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the

relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). (quoting Gregory v. Shelby Cty., 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383. *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted). Cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting

2

the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Factual Allegations

Plaintiff alleges that she was enrolled in a Master of Arts program at Northwestern University in 2016. She was "dismissed from Northwestern in April 2017 for failing to follow school procedure with a 3.0 GPA." (Doc. No. 1 at 1.) From April 2016 through October 4, 2017, she has sought employment in various fields, including counseling and sales and marketing, apparently unsuccessfully. (Id.) She alleges that she "is in a protected class of race, national origin and familial status," but she does not actually identify her race or national origin. (Id. at 2.)

The defendants named in the complaint are Northwestern University, Nisolo Shoes, and ABLE Company. (Id.) In very broad and general terms, Plaintiff alleges that she has been "entrapped and enslaved by a system of brutalization, dehumanization and discrimination and has met with unspeakably gross abuse by Defendant(s)." (Id.) She claims that Defendants "position themselves fraudulently as a school and companies contributing to the betterment of society," but that they are in actuality "active participants in slavery, fraud and entrapment." (Id.) Plaintiff has been "manipulated to seek employment towards further brutalization at . . . the named companies," which "applied known techniques of 'cat-calling' to coerce Plaintiff to continually feel demoralized and emotionally battered by the hiring process." (Id.). She refers to the "gross, persistent mistreatment during the hiring process, in addition to . . . Northwestern University's willful decision to dismiss Plaintiff after Plaintiff followed all school procedures for 'games,' to directly and indirectly fund such companies, entrapping their former student and prospective employee fraudulently." (Id.) Plaintiff claims damages in the amount of $12 billion for emotional distress. (Id. at 3.)

**III.     Legal Analysis**

Plaintiff does not identify the basis for this Court's jurisdiction over her claims or, indeed, the legal basis for her claims, other than to assert that slavery violates the Thirteenth and Fourteenth Amendments to the United States Constitution and that she has been the victim of discrimination. Although Plaintiff does not actually identify her race or national origin, because she sues a university at which she was enrolled and companies from which she apparently sought employment and alleges discrimination on the basis of race and national origin, the Court presumes that Plaintiff intends to bring suit under Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*, 2000e *et seq.* Based on her invocation of constitutional rights, the Court also construes the complaint as attempting to state a claim under 42 U.S.C. § 1983.

**A.     Title VI**

Title VI targets intentional discrimination only. Alexander v. Sandoval, 532 U.S. 275, 280 (2001). Plaintiff, however, fails to plead any plausible claim of intentional discrimination. Rather, her Title VI race-discrimination claim consists of nothing more than assertions that she belongs to a protected class, that she has been "entrapped and enslaved," and that she suffered "discrimination" as a result of her dismissal from Northwestern University. (Doc. No. 1, at 2.) These conclusory allegations of race discrimination and enslavement are insufficient to establish a viable cause of action. "[A] complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief." Nali v. Ekman, 355 F. App'x 909, 913 (6th Cir. 2009); see also Iqbal, 556 U.S. at 678 ("[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting Twombly, 550 U.S. at 555)).

4

Plaintiff's Title VI claim against Northwestern University is subject to dismissal for failure to state a claim for which relief may be granted.

**B.  Title VII**

To state a claim for employment discrimination under Title VII or other federal employment discrimination laws, Plaintiff must—at a minimum—allege facts that support a reasonable inference that her employer discriminated against her on the basis of a protected characteristic, such as race, color, national origin, sex, age, or disability. Plaintiff alleges no such facts in this case, such as the when, where or how of any alleged discrimination. See, e.g., Lee v. U.S. Postal Serv., 12 F. App'x 322, 323 (6th Cir. 2001) ("Mere conclusory allegations of discrimination are insufficient to state a claim under Title VII."). Accordingly, her claims under Title VII are also subject to dismissal for failure to state a claim for which relief may be granted.

**C.  Section 1983**

In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not allege any facts suggesting that the two employers named as defendants in this case qualify as state actors. They are not entities against whom a § 1983 claim will lie.

The Court takes judicial notice that Northwestern University is a private institution. Fed. R. Evid. 201(b)(2). A private university may, under certain circumstances, be deemed a state actor by virtue of significant entwinement with government policies. See, e.g., Craft v. Vanderbilt Univ., 18 F. Supp. 2d 786 (M.D. Tenn. 1998) (denying summary judgment on the question of whether Vanderbilt University could be deemed a state actor in light of allegations of a symbiotic relationship with the state in connection with actions challenged in the lawsuit). In this case,

5

however, Plaintiff alleges no facts to support such a conclusion. Accord Blackburn v. Fisk Univ., 443 F.2d 121, 123–24 (6th Cir. 1971) (finding that the "well pleaded facts averred in the complaint" failed to show sufficient State involvement "as to transform the action of Fisk University officials into 'State action'"). For this reason alone, the Court finds that the complaint fails to state a claim under § 1983 against Northwestern University.

Moreover, even if Northwestern University were a state actor, as with the claim under Title VI, the complaint fails to allege any specific facts, as opposed to conclusory assertions, that support Plaintiff's claim that she was enslaved by the university in violation of the United States Constitution. The claim is subject to dismissal on this basis as well.

## IV.    Conclusion

For the reasons set forth herein, this action will be dismissed in its entirety. An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE